UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Jean M. Mumpower,<br><br>  Plaintiff<br><br>v.<br><br>Malco Enterprises of Nevada, Inc., et al.,<br><br>  Defendants | Case No.: 2:22-cv-01649-JAD-DJA<br><br>**Order Granting Motion to Remand and Denying Remaining Motions Without Prejudice**<br><br>[ECF Nos. 7, 9, 20] |

  Plaintiff Jean Mumpower sues defendant Arthur Galos for negligence, alleging that Galos injured her in a traffic accident while he was driving a car that he rented from defendant Malco Enterprises of Nevada.[1] She also sues Malco under Nevada Revised Statute (NRS) 482.305, which holds car-rental companies vicariously liable for drivers' negligence if the company fails to comply with certain insurance requirements.[2] Although Mumpower filed her complaint in state court, Malco removed the case to federal court on the basis of federal-question jurisdiction.

  Mumpower moves to remand the case for want of subject-matter jurisdiction, arguing that her claims arise exclusively under state law.[3] Malco responds that federal law—the Graves Amendment[4]—preempts Malco's vicarious-liability claim, conferring federal-question jurisdiction under the complete-preemption doctrine.[5] The Graves Amendment shields car-rental companies from vicarious liability under state law if their conduct is not negligent or criminal,

---

[1] ECF No. 1-2 at ¶¶ 14–18.
[2] *Id.* at ¶¶ 19–25.
[3] ECF No. 9.
[4] *See* 49 U.S.C. § 30106.
[5] ECF No. 12 at 3; ECF No. 7 at 5.

but it contains a savings clause that allows states to impose insurance requirements.[6] The complete-preemption doctrine transforms a state-law claim into a federal one only when the preemptive force of an applicable federal statute is so extraordinary that the state claim is considered a federal one from the outset. Because the Graves Amendment is a garden-variety preemption statute designed to bar liability rather than displace a state-law claim, the doctrine does not apply here. So I grant Mumpower's motion and remand this case.

## Discussion

**A. The complete-preemption doctrine confers jurisdiction only in rare cases in which a federal statute is extraordinarily preemptive.**

Federal courts are courts of limited jurisdiction.[7] "A defendant may remove an action to federal court based on federal[-]question jurisdiction or diversity jurisdiction."[8] But there is a strong presumption against removal jurisdiction, and "federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."[9] The defendant always has the burden of establishing that removal is proper.[10]

Federal-question jurisdiction generally arises only if the complaint "affirmatively allege[s] a federal claim."[11] This so-called "well-pleaded[-]complaint rule means that 'a case may not be removed to federal court on the basis of a federal defense, including the defense of

---

[6] 49 U.S.C. § 30106(a), (b).

[7] *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

[8] *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009). No party argues that diversity jurisdiction exists, and the complaint states that plaintiff Mumpower and defendant Galos reside in, and that Malco does business in, Nevada. ECF No. 1-2 at ¶¶ 1–3.

[9] *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

[10] *Id.*

[11] *Retail Prop. Tr. v. United Bhd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 947 (9th Cir. 2014) (quoting *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003)).

2

pre[]emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue.'"[12]

One exception to the well-pleaded-complaint rule is the complete-preemption doctrine.[13] It comes into play when "a federal statute's preemptive force is so extraordinary that it converts an ordinary state common-law complaint into one stating a federal claim" so that "any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law."[14] Complete preemption applies when "Congress '(1) intended to displace a state-law cause of action, and (2) provided a substitute cause of action.'"[15] The doctrine's application is exceedingly rare; the Supreme Court has applied it to only three statutes.[16]

**B.     Malco fails to show that the Graves Amendment is extraordinarily preemptive**.

Malco suggests that the Graves Amendment deserves the fourth spot on that exclusive list because it "completely preempts" NRS 482.305.[17] Malco contends that the amendment bars "vicarious[] liab[ility] for . . . damages arising out of the operation of the rental vehicle under NRS 482.305,"[18] that "Congress intended to replace the hodgepodge of state laws with a uniform rule barring strict vicarious liability,"[19] and that "[c]ourts across the United States have

---

[12] *Id.* (citing *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987)).

[13] *Cnty. of San Mateo v. Chevron Corp.*, 32 F.4th 733, 747 (9th Cir. 2022).

[14] *Id.* at 748 (cleaned up) (quoting *Caterpillar*, 482 U.S. at 393).

[15] *Id.* (quoting *City of Oakland v. BP PLC*, 969 F.3d 895, 906 (9th Cir. 2020)).

[16] *Id.*

[17] ECF No. 12 at 5.

[18] *Id.* at 7.

[19] *Id.* at 9.

consistently and unanimously preempted state laws" like Nevada's.[20]  But Malco conflates complete preemption and defensive preemption,[21] and, as the Ninth Circuit has explained, these are entirely different doctrines.  Defensive preemption, as its name suggests, shields a party from liability under state law if a federal law preempts the state law.[22]  Complete preemption, by contrast, is a jurisdictional doctrine that provides federal-question jurisdiction "in certain instances where Congress intended the scope of federal law to be so broad as to entirely replace any state-law claim."[23]  While "complete preemption is rare, 'many federal statutes . . . will support" defensive preemption.[24]

   The cases that Malco relies on illustrate this difference.[25]  For example, though the Eleventh Circuit in *Garcia v. Vanguard Car Rental USA*, *Inc.* held that the Graves Amendment preempts Florida's imposition of vicarious *liability* on car lenders, it relied on prior Eleventh Circuit precedent that involved explicit, conflict, and field preemption—the three types of *defensive* preemption—and never held that the Graves Amendment confers federal jurisdiction.[26]  Similarly, the Eighth Circuit in *Carton v. General Motor Acceptance Corp.* held that the "Graves Amendment protects [a company] from owner *liability* during the period of the lease"—not that

---

[20] *Id.* at 10.

[21] Malco also argues that "[t]his matter relates to enforcing federal law and giving effect to Congress'[s] intent, tasks calling upon the expertise in the federal court." *Id.* at 6.  But state courts are well equipped to determine whether the Graves Amendment defensively preempts Mumpower's claims.  Indeed, in its summary-judgment motion, Malco identifies several state supreme courts analyzing similar questions. ECF No. 7 at 19–21.

[22] *Retail Prop. Tr.*, 768 F.3d at 947.

[23] *Id.* (quoting *Dennis v. Hart*, 724 F.3d 1249, 1254 (9th Cir. 2013)).

[24] *Id.*

[25] ECF No. 12 at 10.

[26] *Garcia v. Vanguard Car Rental USA*, *Inc.*, 540 F.3d 1242, 1245 (11th Cir. 2008).

4

it provides federal courts with jurisdiction.[27]  The same is true of the analysis in virtually all of the cases that Malco cites.[28]

By contrast, nearly all courts[29] that have considered whether the Graves Amendment provides federal courts with jurisdiction under the complete-preemption doctrine have concluded that it does not.[30]  As one court explained, "[n]othing in [that amendment] suggests that Congress

---

[27] *Carton v. Gen. Motor Acceptance Corp.*, 611 F.3d 451, 455 (8th Cir. 2010) (emphasis added).

[28] *See, e.g., Enter. Rent-A-Car Co. of Bos., LLC v. Maynard*, 2012 WL 1681970, at *1 (D. Me. May 14, 2012) (holding that the Graves Amendment preempts liability under Maine statute); *Green v. Toyota Motor CreditCorp*, 605 F. Supp. 2d 430, 432 (E.D.N.Y. 2009) (noting that the action was removed based on diversity jurisdiction).

[29] One case that Malco cites with several others in a footnote, *Subrogation Div. Inc. v. Brown*, did hold that the Graves Amendment provided the court with federal-question jurisdiction. ECF No. 12 at 10 (citing 446 F. Supp. 3d 542, 547 (D.S.D. 2020)).  But *Subrogation*—which is not controlling—relied on the embedded-question doctrine rather than the complete-preemption doctrine, and Malco does not argue that the embedded-question doctrine applies here.  Also, unlike the complaint in *Subrogation,* Mumpower's does not raise the Graves Amendment—let alone make it a "central theme." *Subrogation*, 446 F. Supp. 3d at 548.  And this case turns in part on how NRS 482.305's financial-responsibility exception applies, whereas the issue in *Subrogation* "require[d] less analysis of South Dakota law." *Id.* at 549.  Regardless, the Ninth Circuit has held that "a federal defense is not a sufficient basis to find embedded[-]federal[-]question jurisdiction." *Saldana v. Glenhaven Healthcare LLC*, 27 F.4th 679, 688 (9th Cir.), *cert. denied*, 143 S. Ct. 444 (2022).  So the embedded-question doctrine cannot save Malco's argument.

[30] *See, e.g.*, *Toste v. Gottfried*, 2015 WL 4716334, at *2 (E.D. Cal. Aug. 7, 2015) (holding that "[i]t may be a defense to [p]laintiffs' claims[,]" but "a case may not be removed to federal court on the basis of a federal defense") (quoting *Caterpillar*, 482 U.S. at 393); *Singleton v. Fla. Beauty Express, Inc.*, 2016 WL 11547592, at *5 (S.D. Fla. Feb. 18, 2016) ("Supplemental research did not find any published federal court opinion which has concluded that a Graves Amendment defense confers federal[-]question jurisdiction, whether under the complete[-]preemption doctrine or any other exception to the well-pleaded[-]complaint rule.  In fact, the law is to the contrary."), *report and recommendation adopted*, 2016 WL 11547591 (S.D. Fla. Mar. 21, 2016); *Arias v. Budget Truck Tr. I*, 2009 WL 497614, at *1 (E.D.N.Y. Feb. 26, 2009) (explaining that "[t]he fact that there is a federal defense to a state[-]law claim does not mean that the state[-]law claim is to be recast as federal" and that "[t]he Graves Amendment stands in contrast to the few areas where the complete preemption doctrine applies"); *DTG Operations, Inc. v. Silva*, 2008 WL 11446482, at *2 (M.D. Fla. Oct. 10, 2008) (holding that the argument that the Graves Amendment supports removal jurisdiction lacks merit); *Calhoun v. Allen*, 2007 WL 4322985, at *3 (W.D.N.Y. Dec. 10, 2007) ("[T]he merits of defendants' argument that 49 U.S.C. § 30106 preempts plaintiffs' claim against Alamo should be resolved in state court.").

5

intended to displace state[-]court jurisdiction over personal[-]injury actions involving rented or leased motor vehicles."[31]  Rather, the text of the amendment "indicates that it may be raised as a defense against vicarious liability claims arising under state law, regardless of whether the action is brought in state or federal court."[32]  And in contrast to the few federal statutes that confer federal jurisdiction under the complete-preemption doctrine, "the Graves Amendment creates no exclusive federal claim" because it "creates no claim at all."[33]  So while the Graves Amendment might provide Malco with a liability shield,[34] it does not provide this court with jurisdiction.

That the Graves Amendment can't turn this state-law case into a federal one is consistent with how the doctrine works.  The doctrine applies only if Congress "intended to displace a state-law cause of action" and "provided a substitute cause of action."[35]  Since the doctrine's genesis in 1968,[36] the Supreme Court has identified just three statutes that meet these narrow criteria: (1) "the Labor Management Relations Act . . . which displaces entirely any state cause of action for violation of contracts between an employer and a labor organization"; (2) "the Employee Retirement Income Security Act of 1974 . . . which preempts state-law claims asserting improper processing of a claim for benefits under an employee-benefit plan regulation; and (3) "the National Bank Act . . . which provide[s] the exclusive cause of action for usury

---

[31] *Calhoun*, 2007 WL 4322985, at *3.

[32] *Arias*, 2009 WL 497614, at *1.

[33] *Silva*, 2008 WL 11446482, at *2.

[34] Lacking subject-matter jurisdiction, this court makes no findings or conclusions as to whether the Graves Amendment defensively preempts NRS 482.305 or shields Malco from liability in this case.  So I deny Malco's summary-judgment motion without prejudice to its refiling in state court.  And because I am remanding this case, I also deny as moot its motion to stay discovery.

[35] *San Mateo*, 32 F.4th at 748.

[36] 14C Wright & Miller, Federal Practice & Procedure § 3722.2 (4th ed.) (citing *Avco Corp. v. Aero Lodge No. 735, Int'l Ass'n of Machinists & Aerospace Workers*, 390 U.S. 557 (1968)).

claims against national banks."[37]  The Graves Amendment comes nowhere close to the breadth of those statutes.  Though it safeguards car-rental companies like Malco from vicarious liability in certain cases, it doesn't purport to regulate any significant aspect of the relationship between those companies, renters, and injured parties.  Nor does it cover all tort (or contract) claims that an injured party might bring under state law.[38]  Instead, it contains significant exceptions for cases in which a company acts negligently or criminally, and it explicitly allows states to "impose[e] financial responsibility or insurance standards" or "impos[e] liability . . . for failure to meet" those requirements.[39]  The Graves Amendment also provides no substitute cause of action—another fatal blow to any argument that the complete-preemption doctrine applies.[40]  So I join the vast majority of other courts and find the doctrine inapplicable here.[41]

## Conclusion

Because Mumpower's claims present only state-law issues and Malco's Graves Amendment defenses do not trigger the complete-preemption doctrine, conferring subject-matter jurisdiction on this federal court,

IT IS ORDERED THAT Mumpower's motion to remand **[ECF No. 9] is GRANTED**.

---

[37] *Oakland*, 969 F.3d at 905 (cleaned up).

[38] *Id.* (holding that a federal statute did not confer jurisdiction under the complete-preemption doctrine because "the statute indicates that Congress intended to preserve state-law causes of action pursuant to a saving clause").

[39] 49 U.S.C. § 30106(a)(2), (b).

[40] *See Saldana*, 27 F.4th at 688 (holding that the complete-preemption doctrine does not apply because the federal statute at issue did not "provide substitute causes of action for [plaintiffs'] claims").

[41] Malco's argument that NRS 482.305 violates the Commerce Clause of the United States Constitutional is a federal defense, which does not confer removal jurisdiction. ECF No. 12 at 17–18; s*ee Retail Prop. Tr.*, 768 F.3d at 947.  Also, Malco fails to explain how Mumpower's purported inability to "bring[] her cause of action to trial" under evidence rules in both state and federal court, *id.* at 19, even if true, supports this court's subject-matter jurisdiction.

IT IS FURTHER ORDERED that Malco's motion for summary judgment **[ECF No. 7] is DENIED without prejudice** to its refiling in state court.

IT IS FURTHER ORDERED that Malco's motion to stay discovery **[ECF No. 20] is DENIED as moot.**

The **Clerk of Court** is directed to **REMAND** this case back to the Eighth Judicial District Court, Department 9, Case No. A-22-857922-C, and **CLOSE THIS CASE**.

_____
U.S. District Judge Jennifer A. Dorsey
February 3, 2023